FILED IN CHAMBERS
U.S.D.C   Atlanta

OCT 0 4 2011

JAMES N. HATTEN, Clerk
By: _____
                    Deputy Clerk

ORIGINAL

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL INDICTMENT |
| v. | : | NO.  1:11-CR-218 |
| | : | |
| GLENN A. COOK, | : | First Superseding |
| VINCENT LAMAR HALL, and | : | |
| MAURICE JENKINS, a/k/a "Shorty.": | | |

THE GRAND JURY CHARGES THAT:

## COUNT ONE
### (21 U.S.C. § 846 Conspiracy)

Beginning on a date unknown to the Grand Jury, but at least on or about May

2010, and continuing through on or about May 5, 2011, in the Northern District of

Georgia and elsewhere, the defendant,

### GLENN A. COOK

did knowingly and intentionally combine, conspire, confederate, agree and have a

tacit understanding with PHILLIP LASHAWN MASSEY, T'MICHAEL JONES, and

other persons, known and unknown to the Grand Jury, to violate Title 21, United

States Code, Section 841(a)(1), that is, to knowingly and intentionally distribute and

possess with the intent to distribute a controlled substance, said conspiracy involving

at least five (5) kilograms of a mixture and substance containing a detectable amount

of cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A)(ii).

COUNT TWO
(21 U.S.C. § 846 - Conspiracy)

Beginning on a date unknown to the Grand Jury, but at least in or about June 2008, and continuing through on or about May 10, 2011, in the Northern District of Georgia and elsewhere, the defendant,

VINCENT HALL

did knowingly and intentionally combine, conspire, confederate, agree and have a tacit understanding with ANTHONY GASQUE, T'MICHAEL JONES, and other persons, known and unknown to the Grand Jury, to violate Title 21, United States Code, Section 841(a)(1), that is, to knowingly and intentionally distribute and possess with the intent to distribute a controlled substance, said conspiracy involving (1) at least five (5) kilograms of a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A)(ii); and (2) at least one hundred (100) kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(B)(vii).

Page 2 of 26

## COUNT THREE
### 21 U.S.C. § 841
(Possession with Intent to Distribute Cocaine)

On or about October 11, 2010, in the Northern District of Georgia and elsewhere, the defendant,

### GLENN A. COOK,

aided and abetted by T'MICHAEL JONES, PHILLIP LASHAWN MASSEY, and others, known and unknown to the Grand Jury, did knowingly and intentionally possess, with intent to distribute, a controlled substance, that is, at least five hundred (500) grams of a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

## COUNT FOUR
### 21 U.S.C. § 841
(Possession with Intent to Distribute Cocaine)

On or about October 25, 2010, in the Northern District of Georgia and elsewhere, the defendant,

### VINCENT LAMAR HALL,

aided and abetted by T'MICHAEL JONES, ANTHONY GASQUE and others, known

and unknown to the Grand Jury, did knowingly and intentionally possess, with intent

to distribute, a controlled substance, that is at least five hundred (500) grams of a

mixture and substance containing a detectable amount of cocaine hydrochloride, a

Schedule II controlled substance, in violation of Title 21, United States Code,

Sections 841(a)(1) and 841(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

COUNT FIVE
21 U.S.C. § 841/846
(Attempted Possession with Intent to Distribute Cocaine)

~~On or about November 2, 2010, in the Northern District of Georgia and~~

elsewhere, the defendant,

MAURICE JENKINS, a/k/a "Shorty,"

aided and abetted by T'MICHAEL JONES and others, known and unknown, did

knowingly and intentionally attempt to possess, with intent to distribute, a controlled

substance, that is at least five  (5) kilograms of a mixture and substance containing

a detectable amount of cocaine hydrochloride, a Schedule II controlled substance, in

violation of Title 21, United States Code, Sections 846, 841(a)(1) and

841(b)(1)(A)(ii), and Title 18, United States Code, Section 2.

COUNT SIX
18 U.S.C. § 924(c)
(Possession of a Firearm in Furtherance of a Drug Offense)

On or about November 2, 2010, in the Northern District of Georgia, and elsewhere, the defendant,

MAURICE JENKINS, a/k/a "Shorty,"

aided and abetted by T'MICHAEL JONES and others, known and unknown, did knowingly possess a firearm in furtherance of a drug trafficking crime for which the defendants may be prosecuted in a court of the United States, that is, a violation of

~~Title 21, United States Code, Section 841, as set forth in Count Six of this Indictment,~~

all in violation of Title 18, United States Code, Section 924(c)(1)(A)(I) and Title 18, United States Code, Section 2.

COUNT SEVEN
21 U.S.C. § 841
(Possession with Intent to Distribute Cocaine)

On or about November 16, 2010, in the Northern District of Georgia and elsewhere, the defendant,

GLENN A. COOK,

aided and abetted by T'MICHAEL JONES and others, known and unknown to the Grand Jury, did knowingly and intentionally possess, with intent to distribute, a

controlled substance, that is, at least five hundred (500) grams of a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

COUNT EIGHT
18 U.S.C. § 1956
(Money Laundering Conspiracy)

Beginning on a date unknown to the Grand Jury, but at least in or about June of 2010, and continuing through on or about the date of the filing of this indictment, in the Northern District of Georgia, and elsewhere, the defendant,

GLENN A. COOK,

did knowingly combine, conspire, confederate, agree and have a tacit understanding with others known and unknown to the Grand Jury, to commit certain offenses under Title 18, United States Code, Section 1956 as follows:

(a)    to conduct and attempt to conduct a financial transaction in and affecting interstate commerce, which transaction involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance punishable under a law of the United

States, and that while conducting and attempting to conduct such financial transaction, knew the property involved in the financial transaction represented the proceeds of some form of unlawful activity,

> (1)    with the intent to promote the carrying on of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956 (A)(i); and

(b)    to conduct and attempt to conduct a financial transaction in and affecting interstate commerce, which transaction involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance punishable under a law of the United States, and that while conducting and attempting to conduct such financial transaction, knew the property involved in the financial transaction represented the proceeds of some form of unlawful activity, knowing the transaction was designed in whole and in part

> (1)    to conceal and disguise the nature, location, source, ownership, and control of proceeds of said unlawful activity, in violation of Title 18, United States Code,

Section 1956(a)(1)(B)(i); and

(2)    to avoid a transaction reporting requirement under

Federal law, in violation of Title 18, United States Code,

Section 1956(a)(1)(B)(ii);

all in violation of Title 18, United States Code, Section 1956 (h).

## COUNT NINE THROUGH TWELVE
18 U.S.C. § 1956
(Money Laundering)

On or about the dates listed below for each count, in the Northern District of

Georgia, the defendant,

### GLENN A. COOK,

aided and abetted by others, knowingly conducted and attempted to conduct a

financial transaction in and affecting interstate commerce, that is, the delivery,

disposition and transfer of the monetary instrument listed in each count below, which

involved the proceeds of a specified unlawful activity, that is, the felonious

manufacture, importation, receiving, concealment, buying, selling and otherwise

dealing in a controlled substance punishable under a law of the United States, with

the intent to promote the carrying on of said specified unlawful activity, knowing the

property in the financial transaction represented proceeds of some form of unlawful

activity:

    COUNT 9            Sept. 2009 to Jan. 2010  $225,572.00

    COUNT 10         Dec. 2009 to Sept. 2010  $34,000.00

    COUNT 11         June 17, 2010           $38,000.00

    COUNT 12         Oct. 2009 to March 2010 $49,220.00

all in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), and Section 2.

## COUNTS THIRTEEN THROUGH TWENTY
18 U.S.C. § 1956
(Money Laundering)

On or about the dates listed below for each count, in the Northern District of Georgia, the defendant,

### VINCENT LAMAR HALL,

aided and abetted by others, knowingly conducted and attempted to conduct a financial transaction in and affecting interstate commerce, that is, the delivery, disposition and transfer of the monetary instrument listed in each count below, which involved the proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance punishable under a law of the United States, with

Page 9 of 26

the intent to promote the carrying on of said specified unlawful activity, knowing the

property in the financial transaction represented proceeds of some form of unlawful

activity:

| | | |
|---|---|---|
| COUNT 13 | September 10, 2008 | $8,000.00 |
| COUNT 14 | September 29, 2008 | $7,000.00 |
| COUNT 15 | October 16, 2008 | $8,500.00 |
| COUNT 16 | November 10, 2008 | $3,000.00 |
| COUNT 17 | December 15, 2008 | $7,200.00 |
| ~~COUNT 18~~ | ~~October 13, 2010~~ | ~~$4,533.00~~ |
| COUNT 19 | November 15, 2010 | $4,600.00 |
| COUNT 20 | December 13, 2010 | $4,500.00 |

all in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), and Section

2.

## COUNT TWENTY-ONE
26 U.S.C. 7206(1)
(Tax Evasion)

On or about October 30, 2007, in the Northern District of Georgia, the

defendant,

VINCENT LAMAR HALL,

did willfully make and subscribe a U.S. Individual Income Tax Return (Form 1040)

for the 2005 tax year, which he verified under penalty of perjury, and which he filed

and caused to be filed with the Internal Revenue Service knowing and having reason

to know that it was not true and correct as to every material matter, in that, as

defendant VINCENT LAMAR HALL then and there well knew and believed, he

made a material understatement of his Adjusted Gross Income and misreported his

Adjusted Gross Income for the 2005 tax year, all in violation of Title 26, United

States Code, Section 7206(1).

COUNT TWENTY-TWO

26 U.S.C. 7206(1)

(Tax Evasion)

On or about February 15, 2008, in the Northern District of Georgia, the

defendant,

VINCENT LAMAR HALL,

did willfully make and subscribe an Amended  U.S. Individual Income Tax Return

(Form 1040X) for the 2006 tax year, which he verified under penalty of perjury, and

which he filed and caused to be filed with the Internal Revenue Service knowing and

having reason to know that it was not true and correct as to every material matter, in

that, as defendant VINCENT LAMAR HALL then and there well knew and believed,

he made a material understatement of his Adjusted Gross Income and misreported his Adjusted Gross Income for the 2006 tax year, all in violation of Title 26, United States Code, Section 7206(1).

## COUNT TWENTY-THREE
18 U.S.C. § 924(c)
(Possession of a Firearm in Furtherance of a Drug Offense)

Beginning on a date unknown to the Grand Jury, but at least on or about May 2010, and continuing through on or about May 5, 2011, in the Northern District of Georgia, and elsewhere, the defendant,

## GLENN A. COOK,

aided and abetted by others, known and unknown, did knowingly possess a firearm in furtherance of a drug trafficking crime for which the defendants may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 841, as set forth in Count One of this Indictment, all in violation of Title 18, United States Code, Section 924(c)(1)(A)(I) and Title 18, United States Code, Section 2.

## COUNT TWENTY-FOUR
18 U.S.C. § 924(c)
(Possession of a Firearm in Furtherance of a Drug Offense)

Beginning on a date unknown to the Grand Jury, but at least on or about June 2008, and continuing through on or about May 10, 2011, in the Northern District of

Georgia, and elsewhere, the defendant,

## VINCENT LAMAR HALL,

aided and abetted by others, known and unknown, did knowingly possess a firearm

in furtherance of a drug trafficking crime for which the defendants may be prosecuted

in a court of the United States, that is, a violation of Title 21, United States Code,

Section 841, as set forth in Count One of this Indictment, all in violation of Title 18,

United States Code, Section 924(c)(1)(A)(I) and Title 18, United States Code, Section

2.

## FORFEITURE PROVISION

1.    Upon conviction of one or more of the controlled substance offenses

alleged in Counts One through Five and Seven of this Indictment, the defendants

shall forfeit to the United States, pursuant to Title 21, United States Code, Section

853, all property constituting, or derived from, proceeds obtained, directly or

indirectly, as a result of the said violations and all property used or intended to be

used, in any manner or part, to commit, or to facilitate the commission of the said

violations, including but not limited to the following:

   a.    A sum of money equal to the amount of proceeds the defendants
         obtained as a result of the offenses.  If more than one defendant is
         convicted of an offense, the defendants so convicted are jointly and
         severally liable for the amount involved in such offense.

b.    The real property located at the following addresses:

    i.    5594 Shadow Rock Drive, LITHONIA, DEKALB COUNTY, GEORGIA, and all buildings and appurtenances thereon, more particularly described as follows:

        ALL THAT OR PARCEL of Land lying and being in Land Lot 64 of the 16th District of DeKalb County, Georgia, and being more particularly described as follows:

        To find the true point of beginning, begin at the intersection of the northerly right of way of Patillo Way (80 foot right of way) and the Easterly right of way of Shadow Rock Drive (60 foot right of way); running thence northwesterly along the northeasterly right of way of Shadow Rock Drive 1380.32 feet to an iron pin and the true point of beginning running thence south 68 degrees 58 minutes 00 seconds west 36.65 feet to the centerline of Shadow Rock Drive; running thence 93.62 feet northwest along the centerline of Shadow Rock Drive; running thence north 59 degrees 33 minutes 54 seconds east 32.41 feet to an iron pin on the northeasterly right of way of Shadow Rock Drive, 671.85 feet to A ½ inch rebar; running thence south 01 degree 23 minutes 33 seconds west 213.24 feet to an angle iron; running thence south 68 degrees 58 minutes 00 seconds west 532.75 feet to an iron pin and the true point of beginning; said tract containing 2.00 acres more or less, including the area to the centerline of Shadow Rock Drive.

        Thence North 49 degrees 33 minutes twenty five seconds west, along Shadow Rock Drive, 103.76 feet to a point; north 60 degrees 5 minutes 45 seconds east.

    ii.    4015 Jailette Road, Atlanta, Fulton County, Georgia, and all buildings and appurtenances thereon, to include all that tract or parcel of land lying and being in land lot 177, 9th district, Fulton County, Georgia and being more particularly described as

follows:

Beginning at an iron pin located on the northwesterly side of Jailette Road, 440 Feet northeasterly from the intersection formed by the northwesterly side of Jailette Road with the Northeasterly right of way of Thaxton Road (50 Foot right of way); Said point of beginning also being at the intersection formed by Northwesterly side of Jailette Road with the Northeasterly line of property now or formerly owned by Carle E. Mullis; Running thence northeasterly along the northwesterly side of Jailette Road, 160 feet; Continuing thence northeasterly along the northwesterly side of Jailette Road at an interior angle of 166 Degrees 60 minutes with the last preceding course, 140 feet; continuing thence northeasterly along the northwesterly side of Jailette Road at an interior angle of 180 degrees 26 minutes with the last preceding course, 100 feet to an iron pin; running thence northwesterly at an interior angle of 117 degrees 02 minutes with the last preceding course, 491.4 feet to property now or formerly owned by Raymond Wallace; Running thence Southerly along the easterly line of said Wallace property and property now or formerly owned by Smith, 433.1 feet to an iron pin and said Mullis property; Running thence southeasterly along the northeasterly line of said Mullis property and at an interior angle of 128 degrees 45 minutes with the last preceding course, 385.8 feet to an iron pin located on the northwesterly side of Jailette Road and the point of beginning, as per survey prepared for L. Guy Winters by Harold L. Bush, surveyor, Dated May 24, 1967.

c.     The following cash:

i.     $23,609.02 in funds from Wells Fargo Bank, NA account XXXXXXXXX7878 held in the name of Glenn A. Cook DBA Rapid Link.

ii.    $7,683.00 in United States currency seized on or about May 5, 2011 at 4015 Jailette Road, Atlanta, Fulton County, Georgia.

d.    The following vehicles:

    i.    One 2007 Cadillac Escalade, bearing VIN 1GYFK66817R239528, and displaying Georgia Tag No. BQ7AWH.

    ii.    One white 1959 Ford Thunderbird, bearing VIN H9YJ118914, and displaying Georgia Tag No. HA40X6.

    iii.    One black 2007 Maserati Quattroporte Q 4S, bearing VIN ZAMCE39A670028211, and displaying Georgia Tag No. BRN6367.

    iv.    One silver 2001 Mercedes Benz S600, bearing VIN WDBNG78JX1A207254, and displaying Georgia Tag No. 2325AHY.

    v.    One yellow 2001 GM Hummer, bearing VIN 137ZA90301E193454, and displaying Georgia Tag No. 4498ACL.

    vi.    One 1997 Ford Expedition, bearing VIN 1FMEU17L3VLB61976, and displaying Georgia Tag No. 298MJS.

    vii.    One Cyclone 250 ATV Go Kart, VIN M6I22092A.

e.    The following personal property:

    i.    Panasonic 50" flat screen television, model TC-P50X1, serial number MF91140816.

    ii.    Sharp 52" flat screen television, model LC-C5255V, serial number 807815778.

    iii.    Panasonic 50" flat screen television, model TC-P50X1, serial

number MF91130809.

iv.    Olevia 47" flat screen television, model 247FHDT11, serial number VLCK85131562.

v.    Sharp Aquos 65" flat screen television, model LC65D644, serial number 805857974.

vi.    Vizio 55" flat screen television, model XVT3D554SV, serial number LAPPGPBL4200340.

vii.    Vizio Blu-Ray player, model VBR334, serial number DDDOJNBL4126504.

viii.    BenQ Movie Projector, model W5000, serial number PVYA8010255U0.

ix.    Assorted jewelry seized on May 5, 2011 at 4015 Jailette Road, Atlanta, Fulton County, Georgia, more particularly described as follows:

    (1)    14kt white gold Omega necklace.

    (2)    14kt white gold link necklace.

    (3)    14kt white gold link bracelet.

    (4)    18kt white gold and diamond cross pendant with princess cut diamonds (1 missing) and round diamonds (1 missing).

    (5)    14kt white gold and diamond pendant with round brilliant cut diamonds.

    (6)    18kt white gold man/woman diamond pendant with round white and black diamonds.

       (7)    14kt white gold and diamond heart diamond with round and champagne diamonds.

       (8)    18kt gold ring with 15 princess cut diamonds.

       (9)    14kt white gold ring with round cut and baguette diamonds (2 missing diamonds).

f.    The following firearms and ammunition:

       i.    One Taurus PT145 .45 caliber handgun, bearing serial #NXD67062,

       ii.    One Ruger P-95 9mm caliber handgun, bearing serial #315-46153.

2.    Upon conviction of one or more of the money laundering offenses alleged in Counts Eight through Twenty of this Indictment, the defendants, GLENN A. COOK and VINCENT LAMAR HALL, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real and personal, involved in the offenses, and any property traceable to such offenses, including but not limited to the following:

a.    A sum of money in United States currency equal to the total value of property involved in each offense for which the defendants are liable. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

b.    The real property located at the following addresses:

       i.    5594 Shadow Rock Drive, LITHONIA, DEKALB COUNTY,

GEORGIA, and all buildings and appurtenances thereon, more particularly described as follows:

ALL THAT OR PARCEL of Land lying and being in Land Lot 64 of the 16th District of DeKalb County, Georgia, and being more particularly described as follows:
To find the true point of beginning, begin at the intersection of the northerly right of way of Patillo Way (80 foot right of way) and the Easterly right of way of Shadow Rock Drive (60 foot right of way); running thence northwesterly along the northeasterly right of way of Shadow Rock Drive 1380.32 feet to an iron pin and the true point of beginning running thence south 68 degrees 58 minutes 00 seconds west 36.65 feet to the centerline of Shadow Rock Drive; running thence 93.62 feet northwest along the centerline of Shadow Rock Drive; running thence north 59 degrees 33 minutes 54 seconds east 32.41 feet to an iron pin on the northeasterly right of way of Shadow Rock Drive, 671.85 feet to A ½ inch rebar; running thence south 01 degree 23 minutes 33 seconds west 213.24 feet to an angle iron; running thence south 68 degrees 58 minutes 00 seconds west 532.75 feet to an iron pin and the true point of beginning; said tract containing 2.00 acres more or less, including the area to the centerline of Shadow Rock Drive.

Thence North 49 degrees 33 minutes twenty five seconds west, along Shadow Rock Drive, 103.76 feet to a point; north 60 degrees 5 minutes 45 seconds east.

ii.    4015 Jailette Road, Atlanta, Fulton County, Georgia, and all buildings and appurtenances thereon, to include all that tract or parcel of land lying and being in land lot 177, 9th district, Fulton County, Georgia and being more particularly described as follows:

Beginning at an iron pin located on the northwesterly side of Jailette Road, 440 Feet northeasterly from the intersection formed by the northwesterly side of Jailette Road with the Northeasterly

right of way of Thaxton Road (50 Foot right of way); Said point of beginning also being at the intersection formed by Northwesterly side of Jailette Road with the Northeasterly line of property now or formerly owned by Carle E. Mullis; Running thence northeasterly along the northwesterly side of Jailette Road, 160 feet; Continuing thence northeasterly along the northwesterly side of Jailette Road at an interior angle of 166 Degrees 60 minutes with the last preceding course, 140 feet; continuing thence northeasterly along the northwesterly side of Jailette Road at an interior angle of 180 degrees 26 minutes with the last preceding course, 100 feet to an iron pin; running thence northwesterly at an interior angle of 117 degrees 02 minutes with the last preceding course, 491.4 feet to property now or formerly owned by Raymond Wallace; Running thence Southerly along the easterly line of said Wallace property and property now or formerly owned by Smith, 433.1 feet to an iron pin and said Mullis property; Running thence southeasterly along the northeasterly line of said Mullis property and at an interior angle of 128 degrees 45 minutes with the last preceding course, 385.8 feet to an iron pin located on the northwesterly side of Jailette Road and the point of beginning, as per survey prepared for L. Guy Winters by Harold L. Bush, surveyor, Dated May 24, 1967.

c.    The following cash:

i.    $23,609.02 in funds from Wells Fargo Bank, NA account XXXXXXXXX7878 held in the name of Glenn A. Cook DBA Rapid Link.

ii.   $7,683.00 in United States currency seized on or about May 5, 2011 at 4015 Jailette Road, Atlanta, Fulton County, Georgia.

d.    The following vehicles:

i.    One 2007 Cadillac Escalade, bearing VIN 1GYFK66817R239528, and displaying Georgia Tag No.

BQ7AWH.

ii.    One white 1959 Ford Thunderbird, bearing VIN H9YJ118914, and displaying Georgia Tag No. HA40X6.

iii.    One black 2007 Maserati Quattroporte Q 4S, bearing VIN ZAMCE39A670028211, and displaying Georgia Tag No. BRN6367.

iv.    One silver 2001 Mercedes Benz S600, bearing VIN WDBNG78JX1A207254, and displaying Georgia Tag No. 2325AHY.

v.    One yellow 2001 GM Hummer, bearing VIN 137ZA90301E193454, and displaying Georgia Tag No. 4498ACL.

vi.    One 1997 Ford Expedition, bearing VIN 1FMEU17L3VLB61976, and displaying Georgia Tag No. 298MJS.

vii.    One Cyclone 250 ATV Go Kart, VIN M6I22092A.

e.    The following personal property:

i.    Panasonic 50" flat screen television, model TC-P50X1, serial number MF91140816.

ii.    Sharp 52" flat screen television, model LC-C5255V, serial number 807815778.

iii.    Panasonic 50" flat screen television, model TC-P50X1, serial number MF91130809.

iv.    Olevia 47" flat screen television, model 247FHDT11, serial number VLCK85131562.

v.    Sharp Aquos 65" flat screen television, model LC65D644, serial

number 805857974.

vi.   Vizio 55" flat screen television, model XVT3D554SV, serial number LAPPGPBL4200340.

vii.   Vizio Blu-Ray player, model VBR334, serial number DDDOJNBL4126504.

viii.   BenQ Movie Projector, model W5000, serial number PVYA8010255U0.

ix.   Assorted jewelry seized on May 5, 2011 at 4015 Jailette Road, Atlanta, Fulton County, Georgia, more particularly described as follows:

(1)   14kt white gold Omega necklace.

(2)   14kt white gold link necklace.

(3)   14kt white gold link bracelet.

(4)   18kt white gold and diamond cross pendant with princess cut diamonds (1 missing) and round diamonds (1 missing).

(5)   14kt white gold and diamond pendant with round brilliant cut diamonds.

(6)   18kt white gold man/woman diamond pendant with round white and black diamonds.

(7)   14kt white gold and diamond heart diamond with round and champagne diamonds.

(8)   18kt gold ring with 15 princess cut diamonds.

(9)   14kt white gold ring with round cut and baguette diamonds

(2 missing diamonds).

    f.    The following firearms and ammunition:

        i.    One Taurus PT145 .45 caliber handgun, bearing serial #NXD67062,

        ii.    One Ruger P-95 9mm caliber handgun, bearing serial #315-46153.

    3.    Upon conviction of the offense alleged in Count Six of this Indictment, the defendant, MAURICE JENKINS, a/k/a "Shorty,", shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in the commission of the offense.

    4.    Upon conviction of the offense alleged in Count Twenty-Three of this Indictment, the defendant, GLENN A. COOK, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in the commission of the offense.

    5.    Upon conviction of the offense alleged in Count Twenty-Four of this Indictment, the defendant, VINCENT LAMAR HALL, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in the

commission of the offense.

6.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above; all pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Sections 924(d) and 982(b), and Title 28, United States Code, Section 2461(c).

A ___TRUE___ BILL.

FOREPERSON

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

CASSANDRA J. SCHANSMAN
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 183184

SUSAN COPPEDGE
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 187251

MICHAEL J. BROWN
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 064437

600 Richard B. Russell Building
75 Spring Street, SW
Atlanta, Georgia 30303
404/581-6000 (office)
404/581-6171 (fax)

CRIMINAL CHARGES FILED - OCDETF CASES ONLY

TODAY'S DATE: <u>May 2, 2011</u>

cc: Vickie West (Attach additional copy of Indictment to this sheet)

FILED IN CHAMBERS
U.S.D.C. Atlanta

OCT 0 4 2011

USAO #: <u>2011R00574</u>

SEGAN #: 435**(Required)**

CAPTION: <u>U.S. V. COOK, ET AL</u>

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

COURT NUMBER:  <u>1:11-CR-218</u>

DATED CHARGES FILED: _

DISTRICT/MAGISTRATE JUDGE <u>THRASH</u>

:COPY OF INDICTMENT/INFORMATION SENT TO USAGAN-Indictments Informations YES    NO

| DEFENDANT'S NAME & SEQUENCE (1, 2, etc) IN LIONS | Fugitive | Leadership Role | Praecipe | Req. for Argn. | CHARGE 21:846 841(a)(1) (b)(1)(A) (ii) | CHARGE 21:846 841(a)(1) (b)(1)(B) (vii) | CHARGE 21:841(a) (1)(b)(1) (B)(ii) 18:2 | CHARGE 21:846 841(a)(1) (b)(1)(A) (ii) 18:2 | CHARGE 18:924(c) (1)(A)(I) 18:2 | CHARGE 18:1956 (h) | CHARGE 18:1956 (a)(1)(A) (i) | CHARGE 26:7206 (1) | Forfeiture |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Glenn Cook | | | | X | Ct. 1 | | Ct. 3 Ct. 7 | | Ct. 23 | Ct. 8 | Ct. 9-12 | | x |
| Vincent Larmar Hall | | | | X | | Ct. 2 | Ct. 4 | | Ct. 24 | | Ct. 13 - 20 | Ct. 21 Ct. 22 | x |
| Maurice Jenkins aka"Shorty" | | | | X | | | | Ct. 5 | Ct. 6 | | | | x |

CHARGE TYPE (Circle)

| | | | | |
|---|---|---|---|---|
| CO - | COMPLAINT | | SN3 - | SUPR INDICTMENT 3 |
| IN - | INDICTMENT | | SN4 - | SUPR INDICTMENT 4 |
| IF - | INFORMATION | | R2 - | RULE 20 |
| CI - | CITATION | | SF - | SUPR INFORMATION 1 |
| SN - | SUPR INDICTMENT 1 | | SF2 - | SUPR INFORMATION 2 |
| SN2 - | SUPR INDICTMENT 2 | | SF3 - | SUPR INFORMATION 3 |
| | | | SF4 - | SUPR INFORMATION 4 |

*INDICTMENT/INFORMATION/COMPLAINT/ETC.*

*IS UNDER SEAL   _X___ YES  ____ NO*

(CIRCLE ONE):      MISDEMEANOR    FELONY

PREPARED BY: Vickie West

AUSA: Cassandra J. Schansman


***THIS MATTER HAS VICTIMS    ____ YES  _X___ NO***

*Are there organizational victims?  _____ Yes  __X____No*